UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VERIZON SERVICES CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>T-6 COUNCIL INTERNATIONAL )<br>BROTHERHOOD OF ELECTRICAL )<br>WORKERS and LOCAL 2322, )<br>INTERNATIONAL BROTHERHOOD OF )<br>ELECTRICAL WORKERS, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO: 1:14-cv-12290 |

**VERIFIED COMPLAINT**

1. Plaintiff Verizon Services Corp. ("VSC") is a Delaware corporation with a principal place of business in Basking Ridge, New Jersey. VSC is in the telecommunications business enabling local and long distance voice services, data services, and video services to customers in, among other places, Massachusetts and Rhode Island. Its business is in interstate commerce.

2. The T-6 Council, International Brotherhood of Electrical Workers ("IBEW") is made up of seven IBEW locals which acting jointly as the T-6 Council is the collective bargaining representation for four bargaining units of VSC employees (and the employees of related Verizon entities) in Massachusetts and Rhode Island.

3. VSC (and other Verizon entities) and T-6 and Local 2322 (and other Locals ) are parties to a collective bargaining agreement (the "CBA").

4. Article G10 of the CBA states:

G.10.01 The Union agrees that during the term of this Agreement, or any extension thereof, it will not cause or permit its members to cause, nor will any member of the Union take part in, any strike of or other interference with any of the Company's operations or picketing of any of the Company's premises; provided, however, that nothing in this Article shall in any way enlarge, diminish or affect whatever the rights and obligations of the parties are now or may from time to time with respect to any refusals to cross lawful picket lines established by other Unions at locations other than the Company's premises.

5. Pursuant to the CBA the IBEW may grieve the discipline of bargaining unit members, and arbitrate such grievances.

6. T-6 and VSC's affiliate, Verizon New England Inc., had a prior dispute in which one employee accused another of a violation of a Verizon's Code of Conduct, and an IBEW Local brought an internal union disciplinary charges against the accuser. VNE claimed that the trial violated the Locals obligation not to "interfere with the Company's business" and its implied obligation to resolve disputes only through grievance and arbitration.

7. The parties, including VNE on behalf of its affiliate VSC, resolved the prior dispute by entering into a memorandum of agreement ("MOA"). The MOA is attached hereto as Exhibit A.

8. On or about April 4, 2014, a chief steward of Local 2322, Paul Newman, approached another bargaining unit member, Christopher Farrands, and after watching Mr. Farrands work for some time, accused him of performing work which he should not be performing. The work had been within the scope of Farrands' assigned responsibilities.

9. Mr. Newman berated Farrands, and threatened him with punishment by Local 2322.

10. Again on April 17, 2014, Newman approached Farrands of doing work Farrands should not be doing and refused, after several requests, to stop berating Farrands.

11. Feeling frustrated, Farrands' reported Newman's actions to management. Management investigated and suspended Newman for two weeks without pay.

12. Local 2322 has grieved Newman's suspension. Local 2322 could also grieve whether Farrands' work assignment violated the CBA. Each grievance would be subject to arbitration under the CBA.

13. Local 2322 sent Farrands a letter telling him to appear for a trial on May 28, 2014, and a copy of a charge of misconduct. The charge is attached hereto as Exhibit B.

14. Threatening Farrands with union discipline violates both Article G10 of the CBA and the MOA.

15. The trial is intended to pressure VSC not to punish Newman and/or to pressure Farrands not to perform properly assigned work.

16. This action is brought pursuant to Section 301 of the Labor Management Relations Acts, 29 U.S.C. §185.

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1337. Venue is appropriate because VSC does business in Massachusetts and the defendants represent employees in Massachusetts.

18. The T-6 Council and Local 2322 have caused damage to VCS by interfering with its business and by violating Article G10 and MOA.

19. VCS is entitled to damages because of T-6 and Local 2322's violation of Article G10 and the MOA.

20. There is an active dispute between VSC and T-6 and Local 2322 as to whether the conduct described above violates Article G10 and the MOA.

21. While VSC will suffer significant damages from the violations of Article G10 and the MOA described above, most of the damage is caused by the intimidation of employees who report violations of Verizon's rules of conduct who perform their work as assigned, or who would make such reports except for the intimidation.

22. This damage is not susceptible to quantification. Injunctive relief is necessary to end the damaging behavior.

23. If this and future disciplinary trials by Locals of the T-6 Council are enjoined, no harm will befall T-6 or Local 2322 because the trials are in violation agreement with VSC; the public interest will be served both by permitting VSC to engage in the telecommunications business without unlawful interference.

24. In the absence of an injunction the intimidation will continue unabated, causing irreparable harm to VSC.

WHEREFORE VSC prays that this Court:

1. Enter a temporary restraining order enjoining the trial scheduled for May 28, 2013.

2. Enter a preliminary injunction enjoining the trial and any other disciplinary proceeding of employees of VSC and its affiliated Verizon employers under the CBA on account of the employees performing their assigned duties and on account of their reporting violations of Verizon's Code of Conduct.

3   Enter a permanent injunction to the same effect as Prayer 2.

4. Enter an order declaring that the threat of internal union discipline or the act of internal union discipline is a violation of T-6's and its constituent Locals' contractual obligations to VSC and its affiliated employers under the CBA.

5. Award VSC damages.

6. Award VSC such other relief as the Court shall determine to be appropriate including its attorney's fees.

By its attorneys,

/s/ Arthur Telegen
Arthur G. Telegen
BBO No. 494140
atelegen@seyfarth.com
Jeffrey M. Burns
BBO No. 661448
jburns@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane
Boston, MA 02210
Tel: 617-946-4800

17308973v.1

Dated: May 27, 2014

## VERIFICATION

Joseph J. Santos states under pains and penalties of perjury that the factual allegations of the complaint are true, of his own knowledge, except for the allegations of paragraphs 8-13, and these he believes to be true.

/s/ Joseph Santos
Joseph J. Santos