```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| VERIZON SERVICES CORP., )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>T-6 COUNCIL INTERNATIONAL )<br>BROTHERHOOD OF ELECTRICAL )<br>WORKERS and LOCAL 2322, )<br>INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS, )<br>      Defendants. ) | C.A. No. 14-12290-MLW |

<u>ORDER</u>

WOLF, D.J.                                                                               May 30, 2014

    As stated in court on May 28, 2014, it is hereby ORDERED that:

    1. The parties shall, by May 30, 2014, report, jointly if possible but separately if necessary, on whether the internal union trial of Mr. Christopher Farrands was held on May 28, 2014, and if so, what occurred and was decided at that trial.

    2. The parties shall, by June 13, 2014, respond to the attached Notice of Scheduling Conference, after meeting to attempt to settle this case. The results of their settlement discussions shall be included in the response, including whether the parties request mediation by a magistrate judge.

    3. A scheduling conference shall be held on June 20, 2014, at 3:00 p.m. This conference shall be attended by representatives of the parties with full settlement authority and Mr. Farrands.

                                                  <u>/s/ Mark L. Wolf</u>
                                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Verizon Services Corp.

        Plaintiffs,

                                        CIVIL ACTION
v.                                      NO.    14-12290-MLW

T-6 Council International Brotherhood of Electrical Workers et al.
        **Defendants,**

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. __10__ on the __5th__ floor at __3:00__ pm. __6/20/2014__ in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

  __5/29/2014__                                              /s/ Mark L. Wolf
Date                                                  United States District Judge
                                                        By:  /s/ Daniel C. Hohler
                                                             Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

      (B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty-one (21) days before the date for the scheduling conference for the purpose of:

      (1) preparing an agenda of matters to be discussed at the scheduling conference,

      (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

      (3) considering whether they will consent to trial by magistrate judge.

      (C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than twenty-one (21) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

      (D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

      (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

            (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and
            (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and
      (2) a proposed schedule for the filing of motions; and
      (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:
            (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and
            (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.
      To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.